**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:10cv00321  SWW |
| SAMUEL A. MEAD and LOLA | * | |
| MEAD, Husband and Wife; RONALD | * | |
| E. GADDIE and BARBARA R. | * | |
| GADDIE, husband and wife | * | |
| | * | |
| Defendants | * | |

**ORDER**

Before the Court is Plaintiff's application for a clerk's entry of default and for a default judgment (docket entry #10).[1] Rule 55 of the Federal Rules of Civil Procedure contemplates a two step process for the entry of default judgments.  First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. Second, pursuant to Fed.R.Civ.P. 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *See Dahl v. Kanawha Inv. Holding Co.,* 161 F.R.D. 673, 683 (N. D. Iowa 1995). "Entry of default under Rule 55(a) must precede grant of a default

---

[1] Although the title indicates that Plaintiff seeks both entry of default by the Clerk and a default judgment, Plaintiff does not specifically request a Clerk's entry of default in the prayer for relief or the body of the motion.

judgment under Rule 55(b)." *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir.1998); *see also Hagen v. Sisseton-Wahpeton Community College,* 205 F.3d 1040, 1042 (8th Cir.2000) (citing *Johnson* for this requirement).

**Here, the Court construes the present motion as one for entry of default by the Clerk and hereby refers the motion to the Clerk for consideration. In the event that a clerk's default is entered, Plaintiff may then seek default judgment pursuant to Fed. R. Civ. P. 55(b).**

IT IS SO ORDERED THIS 3rd DAY OF MAY, 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE