IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                              No. 4:10cv00321 SWW

SAMUEL A. MEAD AND
LOLA MEAD, Husband and Wife;
RONALD E. GADDIE, SR. And
BARBARA R. GADDIE, Husband and Wife                             DEFENDANTS

**JUDGMENT**

Pending before the Court is the application of the plaintiff, United States of America, for default judgment together with affidavit showing that the defendants and USDA, FSA, borrowers, Samuel A. Mead and Lola A. Mead, are not infants or incompetent persons and are not in the military service of the United States. The defendants Samuel A. Mead, Lola A. Mead, Ronald E. Gaddie, Sr. and Barbara R. Gaddie, having been properly served, are in default. It is therefore, ORDERED, DECREED AND ADJUDGED:

1. The Court has jurisdiction over the parties and over the property which is the subject of this cause of action.

2. There is due and owing on the promissory notes of Samuel A. Mead and Lola Mead to the United States of America, U.S. Department of Agriculture, Farm Service Agency, the total principal sum of $224,431.19, plus interest in the sum of $84,038.95, accrued to March 22, 2010, for a total of principal and interest as of 3/22/2010 in the sum of $308,470.14, and interest thereafter at the daily rate of $41.18 to date of this judgment and thereafter at the statutory rate pursuant to 28 U.S.C. §1961, plus additional advances and recoverable charges made during the pendency of this action for protection and maintenance of the subject property, and the costs of this action. Plaintiff United States of America, U.S. Department of Agriculture, Farm Service Agency, is hereby awarded judgment *in rem* against the property described herein for the above-mentioned sums. No personal judgment having been prayed for, none is rendered.

3. The above-described indebtedness due and owing to the plaintiff is secured by mortgages dated and recorded as follows:

| Date of Mortgage | Date Filed | Filing Information |
|---|---|---|
| November 9, 1987 | November 6, 1987 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Pope County, Arkansas in Book 15C, at Page 86. |
| June 15, 1989 | June 14, 1989 | Filed in the real estate records in the Office of the Circuit Clerk and Ex-Officio Recorder of Pope County, Arkansas in Book 16E, at Page 571. |

Plaintiff's mortgages constitutes good and valid mortgage liens, which are paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of the defendants herein, and each of them, in and to the following described property in Pope County, Arkansas:

> The West Half of the Northwest Quarter of the Southeast Quarter, (W ½, NW ¼, SE ¼), and the West Half of the Southwest Quarter of the Southeast Quarter (W ½, SW ¼, SE ¼), all in Section 29, Township 8 North, Range 18 West.

together with all improvements and appurtenances thereon.

4.   After having been properly served, Samuel A. Mead, Lola A. Mead, Ronald E. Gaddie, Sr. and Barbara R. Gaddie are in default, and a Clerk's Entry of Default has been entered as to these defendants. Any interest in and to the above-described property held or claimed by said defendants is subordinate and inferior to the plaintiff's mortgages, and is hereby foreclosed.

5.   The indebtedness owed to the U.S. Department of Agriculture, Farm Service Agency, consists of promissory notes of Samuel A. Mead and Lola A. Mead dated between November 6, 1987 and August 29, 1996. Payment of said notes are secured by the mortgages described in Paragraph three above.

6.   The above-described mortgages of the United States of America are hereby foreclosed. If the above-described indebtedness due to the United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above-described property at public auction to the highest bidder for cash, or on a credit of 60 days, at the South Front door of the Pope County Courthouse, Russellville, Arkansas. The date and time of such sale shall be fixed by the Marshal. If purchased on credit, payment of the purchase price shall

2

be secured by one of the following methods, at the purchaser's option: furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% cash down payment. The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U. S. Marshal. The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 60 days, in which event the Marshal shall resell the property. In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale. A lien against the property shall be retained to further secure payment of the purchase money. The property shall be sold subject to any unpaid property taxes. If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, it may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. § 2002, and shall forthwith report the result of the sale to the Court.

7. Upon the sale of the above-described real property, all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower of all parties herein in and to said property and every part thereof shall from that date be foreclosed and forever barred.

8. The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

9. The sales proceeds, after expenses of sale, shall be paid and distributed to the United States of America, USDA, Farm Service Agency, to the extent of the indebtedness owed to it secured by its mortgages described above. Any surplus remaining shall be retained by the U.S. Marshal subject to further orders of the Court.

10. The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

DATED this 6th day of May, 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE